# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IVAN ALEXANDROVICH VETCHER,<br><br>  Plaintiff,<br><br>  v.<br><br>JEFFERSON B. SESSIONS, III, Attorney General, U.S. Department of Justice, *et al.*,<br><br>  Defendants. | Civil Action No. 17-1743 (JEB) |

## MEMORANDUM OPINION

*Pro se* Plaintiff Ivan Vetcher has been detained for over three years while he challenges removal proceedings brought against him by the Department of Homeland Security. After coming up empty in a congeries of cases filed before the Board of Immigration Appeals, the Northern District of Texas, the Eastern District of Texas, the Western District of Louisiana, and the Fifth Circuit, Vetcher brought an action in this Court alleging that Defendants — the United States Attorney General and the Secretary of DHS — oversaw actions and policies that are unconstitutional and in violation of the Administrative Procedure Act. The Government now moves to dismiss, contending that this Court lacks jurisdiction and that Plaintiff has failed to state a claim upon which any relief can be granted. Agreeing as to both, the Court will dismiss some of the claims and order that the remainder be transferred to the Northern District of Texas, where Vetcher is currently detained.

## I.     Background

As it must at this stage, the Court treats all of the facts in the Amended Complaint as true. See Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000). The Court will

1

also consider the facts set forth in Plaintiff's Opposition to the Motion to Dismiss and his other cases incorporated by reference thereto. See Brown v. Whole Foods Mkt. Grp., Inc., 789 F.3d 146, 152 (D.C. Cir. 2015).

Plaintiff, a native and citizen of Belarus, entered the United States in 2001 as a refugee. See Vetcher v. Lynch, 2015 WL 10551735, at *1 (W.D. La. June 15, 2015). In 2014, he was convicted under Texas Health and Safety Code § 481.113(d), which makes it a first-degree felony to knowingly manufacture, deliver, or possess with intent to deliver between 4 and 400 grams of any controlled substance. See Compl., Exh. G (BIA Decisions) at 4. Shortly after his conviction, DHS initiated removal proceedings under 8 U.S.C. § 1227(a)(2)(A)(iii), which requires the Attorney General to order "[a]ny alien who is convicted of an aggravated felony at any time after admission . . . deportable." By statute, any alien "found . . . deportable" under 8 U.S.C. § 1227(a)(2) is subject to mandatory detention during the removal period. Id. § 1231(a)(2). On July 2, 2014, accordingly, Vetcher was taken into ICE custody. See Compl., ¶ 1. On August 6, the Immigration Judge sustained the aggravated-felony charge, found Vetcher ineligible for asylum or withholding of removal, and denied his request for deferral of removal under the Convention Against Torture. See BIA Decisions at 4. He successfully filed a motion to reopen proceedings on March 25, 2015, however, and the BIA then remanded the matter because "the Immigration Judge had not given [him] a meaningful chance to contest the aggravated felony charge during his [*pro se*] initial proceedings." Id. at 2, 5.

After Vetcher's case was remanded, DHS withdrew the aggravated-felony basis for removal and instead charged him as "deportable" as an "alien who . . . has been convicted of a violation of . . . any law . . . relating to a controlled substance." 8 U.S.C. § 1227(a)(2)(B)(i). On September 2, 2015, the IJ held a hearing where Plaintiff was denied release on bond and ordered

detained pending completion of removal proceedings. In a subsequent remand hearing on the merits the next month, the Government argued that under a recent Supreme Court decision, Mellouli v. Lynch, 135 S. Ct. 1980 (2015), the IJ could determine that Vetcher's Texas conviction qualified as a controlled-substance offense under § 1227(a)(2)(B)(i). See Compl., Exh. A at 10. Vetcher protested that he did not have access to Mellouli and asked for time to review the case. Id. at 13. The IJ refused and withdrew the § 1227(a)(2)(A)(iii) aggravated-felony charge while sustaining the § 1227(a)(2)(B)(i) drug-possession charge. Id. at 12. The IJ also denied Plaintiff cancellation of removal.

Vetcher again appealed to the BIA, arguing that he had been "denied access to court and due process." Compl., ¶ 4. The BIA nonetheless affirmed the IJ's decision to sustain the removability charge but remanded for further factual findings as to the IJ's denial of his application for cancellation of removal. See BIA Decisions at 5. On February 21, 2017, the BIA further denied Plaintiff's request for appointed counsel to assist him in accessing legal information because "there is no Sixth Amendment right to counsel in immigration proceedings." Id. at 11; see also Compl., ¶ 5. Following remand, the IJ again denied Plaintiff cancellation of removal and ordered him removed. The BIA affirmed this decision on May 11, 2018, entering a final order of removal. See ECF No. 17. Vetcher has not yet, to this Court's knowledge, filed a petition for review.

In addition to agency proceedings, Vetcher has also brought several actions in various federal courts. He attempted to challenge the "denial of counsel" from the IJ and BIA through an interlocutory appeal to the Fifth Circuit, which was dismissed for lack of jurisdiction. See Opp. at 3. He also filed a *habeas* action in the Western District of Louisiana, which was ultimately dismissed. See Vetcher v. Lynch, 2016 WL 1230560 (W.D. La. Mar. 23, 2016) (denying *habeas*

3

petition and dismissing with prejudice). Plaintiff next attempted to challenge his underlying state conviction and, after he was transferred to a Texas facility, he filed an additional *habeas* petition. See Vetcher v. Lynch, No. 16-4, ECF No. 17 (N.D. Tex. Feb. 13, 2017) (dismissed for lack of jurisdiction). He has additionally filed suit contesting his conditions of confinement, which is currently pending. See Vetcher v. ICE, No. 16-164 (N.D. Tex.); Opp. at 4.

On August 21, 2017 — prior to receiving a final order of removal — Plaintiff filed a "petition for review under Administrative Procedures [*sic*] Act" in this Court. See Compl. Endeavoring to combine all of the claims from his prior suits, he challenges both his detention and his conditions of confinement. The Government now moves to dismiss.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of an action where a complaint fails "to state a claim upon which relief can be granted." In evaluating Defendants' Motion to Dismiss, the Court must "treat the complaint's factual allegations as true . . . and must grant [P]laintiff 'the benefit of all inferences that can be derived from the facts alleged.'" Sparrow, 216 F.3d at 1113 (quoting Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979)); see also Jerome Stevens Pharm., Inc. v. FDA, 402 F.3d 1249, 1250 (D.C. Cir. 2005). The pleading rules are "not meant to impose a great burden upon a plaintiff," Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005), and he must thus be given every favorable inference that may be drawn from the allegations of fact. See Sparrow, 216 F.3d at 1113.

Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The Court need not accept as true, then, "a legal conclusion couched as a factual

4

allegation," nor an inference unsupported by the facts set forth in the Complaint. Trudeau v. Fed. Trade Comm'n, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986) (internal quotation marks omitted)). For a plaintiff to survive a 12(b)(6) motion even if "recovery is very remote and unlikely," the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

The standard to survive a motion to dismiss under Rule 12(b)(1) is less forgiving. Under this Rule, Plaintiff bears the burden of proving that the Court has subject-matter jurisdiction to hear his claims. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). A court also has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). For this reason, "'the [p]laintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." Id. at 13-14 (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (2d ed. 1987) (alteration in original)). Additionally, unlike with a motion to dismiss under Rule 12(b)(6), the Court "may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction." Jerome Stevens, 402 F.3d at 1253; see also Venetian Casino Resort, LLC v. EEOC, 409 F.3d 359, 366 (D.C. Cir. 2005).

### III. Analysis

Although Vetcher filed a "petition for review," because only a court of appeals has jurisdiction over such actions related to removal, see 8 U.S.C. § 1252(a)(5), the Court will construe his filing as a civil Complaint brought under the APA. See Compl. at 5; Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must construe *pro se* pleadings liberally). The claims

therein are of two types: alleged infirmities with the removal process and challenges regarding his detention. The Court addresses each below.

A. Removal Proceedings

The Court first notes that at the time Vetcher filed this case last year, he had not received a final order of removal. On May 11, 2018, however, the BIA affirmed the IJ's decision denying him cancellation of removal and entered such a final order. See ECF No. 17. To the extent Plaintiff argues that he can seek refuge in this Court because it would violate due process to force him to exhaust administrative remedies, see Opp. at 9-10, such a position is moot inasmuch as the administrative process is now complete.

Plaintiff's first set of grievances relates to purported deficiencies with the law library at the facility where he is detained. Specifically, he contends that the library lacks certain legal materials (despite his multiple requests and attempts to have third parties send them to him) and asserts that Defendants are obliged to provide someone to assist him in finding such volumes. Vetcher further claims that he was not permitted sufficient time to access what was available in the library. These violations, according to him, are "unconstitutional policies and practices that denied [him] access to court and substantive due process rights." Compl. at i. Without adequate legal material, Vetcher argues that he is unable to meaningfully contest his removal charges. See Bounds v. Smith, 430 U.S. 817, 828 (1977) (prisoners have constitutional right to adequate law libraries and legal knowledge); Orantes-Hernandez v. Meese, 685 F. Supp. 1488, 1509-11 (C.D. Cal. 1988) (extending right to immigration detainees). The Government maintains that even if Vetcher does have such a right, there is no jurisdiction to entertain it here. The Court agrees.

Plaintiff brings his claims under the APA, 5 U.S.C. § 702, which permits a person to seek judicial review when he is "adversely affected or aggrieved by agency action." Section 702 does

6

not apply, however, when other statutes limit judicial review. Id. Such is the case here. Two sections of the Immigration and Nationality Act preclude district-court review of Plaintiff's claims. Title 8 U.S.C. § 1252(a)(5) provides that "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal," and § 1252(b)(9) consolidates "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien" into "judicial review of a final order." Taken together, then, these two subsections streamline all issues arising from removal proceedings into a petition for review that must be filed with a court of appeals after a final order of removal from the BIA. See J.E.F.M. v. Lynch, 837 F.3d 1026, 1033 (9th Cir. 2016) (right-to-counsel claims must be raised in petition for review). In other words, Vetcher must direct his petition to the Fifth Circuit.

In an attempt to circumvent the INA, he raises three arguments. First, he posits that the channeling provisions of § 1252 are contrary to fundamental fairness because "DHS's mere allegations of removal charges subjects a non-citizen to mandatory detention." Opp. at 6. Congress, Plaintiff contends, could not have meant to authorize detention without providing the alien an opportunity to have a federal court rule on whether the removal order is valid *ab initio*. See Opp. at 9, 13 ("My case ping-ponged back between an IJ and BIA, without answering whether I should be subject to removal from the start."). This point, however, is now moot given the issuance of the final order of removal. In any event, consolidating all claims in the courts of appeals after a final order of removal is precisely what Congress intended. Indeed, for decades, Congress has amended the INA to streamline judicial review of immigration proceedings and channel all claims arising from removal proceedings to federal courts of appeals. Section 1252

7

was "designed to make perfectly clear 'that only courts of appeals — and not district courts — could review a final removal order,' [and] that 'review of a final removal order is the only mechanism for reviewing any issue raised in a removal proceeding.'" J.E.F.M., 837 F.3d at 1034 (quoting H.R. Rep. No. 109-72, at 173 (2005)).

Vetcher next argues that the jurisdiction-channeling provisions of § 1252 must give way because constitutional questions "are outside of [the BIA's] purview" and are thus "precluded from judicial review." Opp. at 10. That is simply untrue. The BIA may not have authority to decide constitutional questions, but after a final order and upon a petition for review, courts of appeals routinely address such issues. See Martinez-Rosas v. Gonzales, 424 F.3d 926, 930 (9th Cir. 2005) (reviewing due-process claim on petition for review); Michel v. INS, 206 F.3d 253, 259 (2d Cir. 2000) (same). Plaintiff's real qualm is that he is forced to remain in detention while he appeals his case administratively. That, again, is the express intent of Congress. See 8 U.S.C. § 1231(a)(2) (prohibiting Attorney General from releasing "an alien who has been found . . . deportable under section 1227(a)(2)"); Demore v. Kim, 538 U.S. 510, 514 (2003) (alien may be detained during removal proceedings).

Plaintiff finally contends that the channeling provisions of § 1252 do not apply to him because his claims are collateral to, not arising from, his removal proceedings. To show that his claims are not of the type Congress intended to funnel into the § 1252 review scheme, Vetcher must demonstrate that (1) lack of district-court jurisdiction "could foreclose all meaningful judicial review," (2) his claims are "wholly collateral to a statute's review provisions," and (3) the suit is "outside the agency's expertise." Free Enterp. Fund v. Pub. Co. Accounting Oversight Bd., 561 U.S. 477, 489 (2010) (quoting Thunder Basin Coal Co. v. Reich, 510 U.S. 200, 212-13 (1994)). These are not "three distinct inputs into a strict mathematical formula" but

"considerations" that "are general guideposts." Jarkesy v. SEC, 803 F.3d 9, 17 (D.C. Cir. 2015). Here, all three "guideposts" confirm that Congress intended claims such as Vetcher's to proceed through the statutory scheme.

First, the statute does provide for "meaningful judicial review." Id. After a final order of removal (which Vetcher now has), he may file a petition for review with the appropriate court of appeals. See 8 U.S.C. § 1252(a)(5). That is, "while [§§ 1252(a)(5) and 1252(b)(9)] limit how immigrants can challenge their removal proceedings, they are not jurisdiction-stripping statutes that, by their terms, foreclose all judicial review of agency actions. Instead, the provisions channel judicial review over final orders of removal to the courts of appeals." J.E.F.M., 837 F.3d at 1031. Vetcher can have his "day in court," Singh v. Gonzales, 499 F.3d 969, 979 (9th Cir. 2007), but just not in this Court.

Second, Plaintiff's claim — that he has been denied adequate access to legal materials to challenge his removal — is "inextricably linked to the order of removal." Martinez v. Napolitano, 704 F.3d 620, 623 (9th Cir. 2012) (internal quotation marks and citation omitted). It is not collateral to the judicial scheme but "an attempt to reverse the agency's decisions." Jarkesy, 803 F.3d at 23. To the extent Vetcher notes that the withholding of requested material makes him "unable to contest removal charges," he concedes as much. See Compl. at 16; id. 16 (stating legal material is "necessary . . . for categorical approach").

Finally, although the IJ and BIA cannot resolve Plaintiff's underlying constitutional claims — i.e., whether his limited access to the law library and legal material is a due-process violation — there are "many threshold questions . . . to which the [agency] can apply its expertise." Elgin v. Dep't of Tsy., 567 U.S. 1, 22 (2012). At bottom, Vetcher's claims that he has been denied due process during his removal proceedings are enmeshed with his removal

9

proceedings and can be adequately reviewed through a petition for review in the Fifth Circuit. They must, therefore, proceed through the judicial-review process Congress supplied in § 1252. See Jennings v. Rodriguez, 138 S. Ct. 830, 841 (2018) (Section 1252(b)(9) "present[s] a jurisdictional bar" when alien is "challenging a[] part of the process by which their removability will be determined"); Bebo v. SEC, 799 F.3d 765, 774 (7th Cir. 2015) (ability to receive meaningful judicial review "most critical" factor in Thunder Basin analysis).

B. Confinement

Plaintiff's next pair of claims relates to the length and conditions of his confinement, which he believes are "unconstitutionally punitive." Compl. at 20. As these issues are collateral to his removal proceedings, they fall outside of § 1252's channeling provisions. Unfortunately for Plaintiff, however, neither claim may proceed here.

1. *Length of Confinement*

The Government first contends that Vetcher has no cause of action under the APA to challenge the length of his detention because that Act is limited to review of agency action "for which there is no other adequate remedy." 5 U.S.C. § 704; see Stern v. Fed. Bureau of Prisons, 601 F. Supp. 2d 303, 305 (D.D.C. 2009) (holding that plaintiff may not bring claim under APA when *habeas* remedy was available). As part of his relief requested, Plaintiff asks for release from custody. That demand is certainly cognizable through the writ of *habeas corpus*. See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973) ("[T]he traditional function of the writ [of *habeas corpus*] is to secure release from illegal custody."). But that remedy is not available to him in Washington, as a civil detainee must file such application "in the district court for the district" where he is "in custody." 28 U.S.C. § 2241(d). For Plaintiff, that is the Northern District of Texas. Indeed, he already had a *habeas* suit in that jurisdiction. See Vetcher v. Lynch, No. 16-3

10

(N.D. Tex.). The Court will, accordingly, transfer this portion of his case there. See 28 U.S.C. § 1631 (when "court finds that there is a want of jurisdiction," it shall "transfer such action . . . to . . . such court in which the action . . . could have been brought at the time it was filed"); Stern, 601 F. Supp. 2d at 306-07 (transferring *habeas* action to district where plaintiff is incarcerated because "it would be time-consuming and potentially costly" to dismiss and require plaintiff to re-file). That court may decide if other bars — *e.g.*, collateral estoppel — prohibit the suit from proceeding.

2. *Conditions of Confinement*

In addition to release from custody, Vetcher also asks the Court to "[a]brogate further punitive treatment," require that ICE allow him "unfettered access to [the] internet," and "[r]edefine custody employed by [Defendants] in civil immigration proceedings." Compl. at 35. Although Defendants' argument that these requests also have an adequate alternative remedy gains less traction here, they still prevail.

The Government first contends that Vetcher may bring a cause of action under Bivens, but the only relief available there would be monetary damages, which is not an "adequate remedy" for the equitable relief Vetcher seeks. See Bowen v. Massachusetts, 487 U.S. 879, 904-05 (1988); Porter v. Clarke, 290 F. Supp. 3d 518, 533 n.15 (E.D. Va. 2018) ("[M]oney damages cannot adequately compensate plaintiffs for . . . the deprivation of their constitutional rights."); Feinman v. FBI, 713 F. Supp. 2d 70, 76 (D.D.C. 2010) (alternative form of relief must be of the "same genre" as APA relief) (quoting Garcia v. Vilsack, 563 F.3d 519, 522 (D.C. Cir. 2009)).

Defendants next "note the possibility of bringing certain conditions of confinement claims in a petition for [a] writ of *habeas corpus*." MTD at 16 n.19. Although that would be true if Plaintiff were detained here, the Fifth Circuit (the only circuit under which he may bring a

11

*habeas* petition) does not permit a plaintiff to use the writ to contest conditions of confinement. Compare Stern, 601 F. Supp. 2d at 305 (collecting cases "welcom[ing]" conditions-of-confinement claims in this Circuit), with Ruiz v. Davis, 850 F.3d 225, 229 (5th Cir. 2017) (prisoner may not challenge conditions of confinement through habeas). The Court need not consider whether such a difference in circuit precedent strips Vetcher of an adequate remedy because this part of his suit fails on another score: the Complaint does not allege facts sufficient to establish that the complained-of conduct is final agency action, as required under the APA.

Finality requires, *inter alia*, that a plaintiff exhaust all administrative remedies mandated by statute or agency rule. See Munsell v. Dep't of Agric., 509 F.3d 572, 579 (D.C. Cir. 2007). Although Vetcher submitted several examples of his grievances, see Compl., Exhs. A, E, the face of the Complaint does not plead facts from which the Court can discern which of his claims relate to "final agency action." He generally alleges that Defendants' "determination to detain non-citizens for punitive time in punitive conditions" is "final," but fails to identify to which policies he is referring and how he has administratively exhausted any grievance about those policies, if applicable. See Compl. at 8. A complaint need not include "detailed factual allegations," but must at least have "enough factual matter" for a court to determine whether the plaintiff has raised "a claim of entitlement to relief." Twombly, 550 U.S. at 555-58. Plaintiff falls short of that bar here. Given that the case will be transferred to the Northern District of Texas, he may be able to amend his Complaint there to make out a conditions-of-confinement APA claim. The Court offers no opinion on whether such amendment would be permitted there.

## IV. Conclusion

For the reasons stated above, the Court will grant Defendants' Motion in part and deny it in part. Plaintiff's challenge to the length of detention will be transferred to the Northern District

12

of Texas, and he may seek leave there to amend his Complaint to challenge his conditions of confinement. A separate Order consistent with this Opinion will be issued this day.

*/s/ James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: June 11, 2018